**IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| DESIGN BASICS, LLC,<br>a Nebraska limited liability company, | § § § | |
| PLAN PROS, INC.,<br>a Nebraska limited Liability company | § § § § | |
| and | § | |
| CARMICHAEL & DAME DESIGNS, INC.,<br>a Texas corporation,<br>Plaintiffs, | § § § § | Case No. 2:12-cv-517 |
| v. | § § | **COMPLAINT** |
| NEWPORT BUILDERS, INC.,<br>a Wisconsin Corporation | § § § | |
| NEWPORT DEVELOPMENT CORP.,<br>a Wisconsin Corporation | § § § | |
| NEWBROOK HOMES, INC.,<br>a Wisconsin Corporation | § § § | |
| NEWPORT REALTY CORPORATION,<br>a Wisconsin Corporation | § § § | |
| KURT J. KAMM, Individually, | § § | |
| and | § | |
| RAYMOND C. LEFFLER, Individually,<br>Defendants. | § § § | JURY DEMANDED |

NOW COME the Plaintiffs, Design Basics, LLC ("DB"), Plan Pros, Inc. ("PPI"), and Carmichael & Dame Designs, Inc. ("CDD") and collectively "Plaintiffs," by their

undersigned attorneys, and as for a cause of action against the above-named Defendants, allege and show to the Court as follows, to wit:

## Jurisdiction and Venue

1. The Court has subject matter jurisdiction in this action pursuant to 28 USC § 1331 and § 1338(a), as this case arises under the U.S. Copyright Act.

2. Venue is proper in this Court pursuant to 28 USC § 1400(a), as the Defendants reside and/or maintain a principal place of business in this District.

## Parties

3. DB and PPI are Nebraska entities, and CDD is a Texas entity, and all are engaged in the business of creating, publishing and licensing architectural plans and designs, and which have their principal offices in Omaha, Nebraska, and Houston, Texas, respectively.

4. The Defendant, Newport Builders, Inc., ("NBI") is a Wisconsin corporation having its principal corporate office located at 6949 Mariner Drive, Racine, WI 53406, which has as its principal corporate activity the building, marketing and sale of, *inter alia,* single family homes. Its registered agent, Kurt J. Kamm, will receive notice of this action by service upon him at the corporate office.

5. The Defendant, Newport Development Corp. ("NDC"), is a Wisconsin corporation having its principal corporate office located at 6949 Mariner Drive, Racine, WI 53406, which has as its principal corporate activity the building, marketing and sale of, *inter alia,* single family homes. Its registered agent, Raymond C. Leffler, will receive notice of this action by service upon him at the corporate office.

2

6. The Defendant, Newbrook Homes, Inc. ("NHI"), is a Wisconsin corporation having its principal corporate office located at 6949 Mariner Drive, Racine, WI 53406, which has as its principal corporate activity the building, marketing and sale of, *inter alia,* single family homes. Its registered agent, Kurt J. Kamm, will receive notice of this action by service upon him at the corporate office.

7. Newport Realty Corporation ("NRC"), is a Wisconsin Corporation having its principal corporate office located at 1020 West Blvd., Racine, WI 53405. Its registered agent, Raymond C. Leffler, will receive notice of this action by service upon him at the corporate office.

8. Kurt J. Kamm ("Kamm") is a principal in NBI, NDI, and NHI, and will receive actual notice of this action by service upon him at his residence, 3733 South Lane, Franksville, WI 53126.

9. Raymond C. Leffler ("Leffler") is a principal in NDI and NRC, and has done business as Re/Max Newport Realty, and will receive actual notice of this action by service upon him at his residence, 111 Lamplighter Lane, Racine, WI 53402.

**Facts**

10. DB is the sole original author and owner of a large number of architectural works, eight of which are entitled "Sinclair," "Rosebury," "Shawnee" "Paterson," "Bethany," "Lancaster," "Fenton," and the "Hanover."

11. DB registered its copyrights in these works with the United States Copyright Office on October 11, 1989 ("Sinclair"), October 11, 1989 ("Rosebury"), January 10, 1992 ("Shawnee"), August 18, 1988 ("Paterson"), October 7, 1993 ("Bethany"), October 11, 1989 ("Lancaster"), January 2, 1992 ("Fenton"), and October

3

11, 1989 ("Hanover") respectively, and was provided Registration Numbers, VA371214 ("Sinclair"), VA371211 ("Rosebury"), VA485129 ("Shawnee"), VA314024 ("Paterson"), VA622000 ("Bethany"), VA371204 ("Lancaster"), VA434184 ("Fenton"), and VA371221 ("Hanover"), respectively.

12. PPI is the sole original author and owner of a large number of architectural works, two of which are entitled "McNabb," and the "Leftwich."

13. PPI registered its copyrights in these works with the United States Copyright Office on September 5, 2003 ("McNabb"), and October 5, 2005 ("Leftwich") respectively, and was provided Registration Numbers VA1-239-676 ("McNabb"), and VA1-331-232 ("Leftwich"), respectively.

14. CDD is the sole original author and owner of a large number of architectural works, one of which is entitled the "Woodlands Showcase."

15. CDD registered its copyrights in this work with the United States Copyright Office on January 23, 1996 respectively, and was provided Registration Number VA688-694.

16. For many years NBI, NDC, NHI and/or NRC have maintained and published web sites using the URLs "www.newport-builders.com" or www.newportrealty.remax-northcentral.com to advertise, promote and market the goods and services they offer.

17. In the course of advertising NBI's, NDC's, NHI's and/or NRC's goods and services to the consuming public on this website, they posted thereon infringing copies of Plaintiffs' architectural works and architectural plans as described in paragraphs 10

4

through 15, *supra*, or otherwise advertised or marketed for sale, infringing copies of Plaintiffs' works.

18. NBI's, NDC's, NHI's and/or NRC's posting and use of Plaintiffs' architectural works and architectural plans described in paragraphs 10 through 15, *supra*, was done without permission or license from the Plaintiffs, in violation of Plaintiffs' respective exclusive copyrights in said works.

19. NBI, NDC, NHI and/or NRC copied and/or created derivatives of Plaintiffs' architectural plans described in paragraphs 10 through 15, *supra*, without permission or license from any of the Plaintiffs, in violation of each Plaintiff's respective exclusive copyrights in said works.

20. NBI, NDC, and/or NHI have constructed one or more homes which are copies or derivatives of one or more of Plaintiffs' architectural works and architectural plans described in paragraphs 10 through 15, *supra*.

21. NBI's, NDC's, and/or NHI's construction of said homes as described in paragraph 20, *supra*, was done without permission or license from Plaintiffs, in violation of Plaintiffs' respective exclusive copyright interests in said works.

22. NBI, NDC, NHI and/or NRC have advertised, marketed and sold homes which infringed one or more of Plaintiffs' architectural works described in paragraphs 10 through 15, *supra*.

23. On information and belief, NDC developed real estate where one or more of the other defendants built infringing structures, profited thereby, fostered the infringements and as such, is a joint or contributory infringer, and is therefore jointly and severally liable to Plaintiffs.

5

24. The conduct of NBI, NDC, NHI and/or NRC described above, was performed and accomplished through the direction, control and conduct of the Defendants, Kamm and Leffler, personally and as an owner and officer of one or more of the Defendants, NBI, NDC, NHI and/or NRC. Kamm and Leffler had the ability to not infringe Plaintiffs' plans, and/or to stop the infringements once they began, and/or they received pecuniary benefit from NBI's, NDC's, NHI's and/or NRC's infringements. They are therefore personally liable to Plaintiffs as joint, vicarious, and/or contributory infringers.

## Causes of Action for Non-Willful Infringement
## Count One

25. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 1 through 24, *supra*.

26. Defendants, without knowledge or intent, infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 10 through 15, *supra*, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of their works which are as yet, undiscovered.

## Count Two

27. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 1 through 24, *supra*.

28. Defendants, without knowledge or intent, infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 10 through 15, *supra*, by publicly displaying, on their web site and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17

6

U.S.C. §106(5), and on information and belief, have done so with others of their works which are as yet, undiscovered.

### Count Three

29. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 1 through 24, *supra*.

30. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 10 through 15, *supra*, by creating derivatives therefrom, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of their works which are as yet, undiscovered.

### Count Four

31. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 1 through 24, *supra*.

32. Defendants, without knowledge or intent, infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 10 through 15, *supra*, by building one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of their works which are as yet, undiscovered.

### Count Five

33. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 1 through 24, *supra*.

34. Defendants, without knowledge or intent, infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 10 through 15,

7

*supra*, by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of their works which are as yet, undiscovered.

**Alternative Causes of Action for Willful Infringement**
**Count Six**

35. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 1 through 24, *supra*.

36. Alternatively, Defendants willfully infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 10 through 15, *supra*, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1) ), and on information and belief, have done so with others of their works which are as yet, undiscovered.

**Count Seven**

37. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 1 through 24, *supra*.

38. Alternatively, Defendants willfully infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 10 through 15, *supra*, by publicly displaying, on their web site and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of their works which are as yet, undiscovered.

**Count Eight**

39. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 1 through 24, *supra*.

40. Alternatively, Defendants willfully infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 10 through 15, *supra*, by creating derivatives therefrom, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of their works which are as yet, undiscovered.

### Count Nine

41. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 1 through 24, *supra*.

42. Alternatively, Defendants willfully infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 9 through 12, *supra*, by building one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of their works.

### Count Ten

43. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 1 through 24, *supra*.

44. Alternatively, Defendants willfully infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 10 through 15, *supra*, by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of their works.

### Count Eleven
### Violations of DMCA § 1202

45. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 1 through 44, *supra*.

46. Additionally and alternatively, Defendants violated § 1202 of the Digital Millennium Copyright Act ("DMCA").

47. In creating the construction drawings identified above, said Defendants intentionally removed or omitted Plaintiffs' copyright management information from copies of Plaintiffs' works.

48. Said Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without proper authorization.

49. At the time said Defendants removed Plaintiffs' copyright management information from copies of their works, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, or conceal the infringement of Plaintiffs' copyrights.

50. Plaintiffs are each entitled and seek to recover from Defendants, statutory damages not exceeding $25,000 for each act committed in violation of their respective rights under 17 U.S.C. § 1202.

51. Pursuant to 17 U.S.C. § 1203(b)(5), Plaintiffs' are entitled and seek to recover their reasonable attorneys fees.

## Conditions Precedent

52. Plaintiffs generally aver that all conditions precedent to its rights of recovery have occurred or been performed, or have been waived or excused by Defendants.

## Damages

53. As a direct and proximate result of Defendants' above-described acts of copyright infringement, Plaintiffs have sustained actual damages including lost profits and/or lost licensing revenue.

54. As a direct and proximate result of Defendants' above-described acts of copyright infringement, Defendants have profited from the construction and sale of infringing homes.

## Relief Requested

55. Plaintiffs demand an accounting by Defendants of their activities in connection with their infringements of Plaintiffs' copyrights in and to the above-described works, and of the gross revenue and profits attributable to their infringement(s).

56. Pursuant to 17 U.S.C. § 504(a)(1), Plaintiffs seek recovery of their actual damages.

57. Pursuant to 17 U.S.C. § 504(b), Plaintiffs seek recovery of all direct and indirect profits attributable to Defendants' infringements, including but not limited to those direct and indirect profits derived from real estate sales and land-development activities in subdivisions where infringing structures were built, as well as all direct and indirect profits and commissions from the construction, advertising, promotion, marketing, and sale of non-infringing structures attributable to the infringing structures.

58. In the alternative and pursuant to 17 U.S.C. § 504(c) Plaintiffs are entitled to elect the recovery of statutory damages in lieu of actual damages for the infringement of any one or more of their works, described above.

59. Plaintiffs seek recovery of their attorney fees, court costs, taxable costs, and the costs associated with the retention, preparation and testimony of expert witnesses.

60. Plaintiffs request that the Defendants, their agents, employees and/or servants, be enjoined *pendente lite* and permanently from infringing Plaintiffs' copyrights in any manner whatsoever, including advertising, marketing, construction, and sale of infringing structures, and from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Plaintiffs' plans and/or derivatives thereof.

61. Plaintiffs request Defendants be required to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe Plaintiffs' copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants.

62. Plaintiffs request that upon any finding that one or more of the Defendants infringed their works, the Court apply the first sale doctrine, and permanently enjoin the current owners of all infringing structures from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures.

WHEREFORE, the Plaintiffs, DB, PPI and CDD demand that judgment be entered in their favor and against the Defendants, jointly and severally, as follows:

    a). For an accounting by Defendants of their activities in connection with their infringements of Plaintiffs' copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

    b). For Plaintiffs actual damages, in an amount to be determined at trial;

c). For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from real estate sales and land-development activities in subdivisions where infringing structures were built, as well as all direct and indirect profits from the construction, advertising, promotion, marketing, and sale of non-infringing structures attributable to the infringing structures, in an amount to be determined at trial;

d). In the alternative, at Plaintiffs' option an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works, described above, in an amount to be determined at trial;

e). Plaintiffs actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

f). For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Plaintiffs' copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Plaintiffs' plans and/or derivatives thereof;

g). An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe Plaintiffs' copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

h). An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; and

i). For such other relief as the Court determines to be just and equitable.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY**

Dated this 23rd day of May, 2012.

HOPKINS McCARTHY LLC

By: *s/Michael T. Hopkins*
Michael T. Hopkins
SBN: 1014792
email: mth@hmclaw.com
757 N. Broadway, Suite 201
Milwaukee, WI 53202
Tel/Fax: 866-735-0515

and

LEJUNE LAW FIRM

By: *s/Dana A. LeJune*
Dana A. LeJune
Texas Bar No.: 12188250
email: dlejune@triallawyers.net
6525 Washington Avenue
Suite 300
Houston, Texas 77007
713/942.9898 Telephone
713/942.9899 Facsimile
Counsel for Plaintiffs